The question seems to turn upon the point as to the status or capacity of one who sues under and by virtue of Section 5008 of the Revised Statutes, which authorizes one to prosecute for the benefit of himself and others when the question is one of a common or general interest of many persons, or when the parties are very numerous and it is impracticable to bring them all before the court. Where one brings an action for the benefit of himself and others by virtue of that section of the Revised Statutes, he clearly brings it, it seems to me, in a representative capacity. Certainly, if he does not appear in a representative capacity, the provisions of this statute are useless. This is clearly the view of the Supreme Court as stated in the case of Quinlen v. Myers, 29 O. S., 500, where it is said in the opinion at page 510 that in the absence of this statutory provision, however, upon general principles, if the party named as plaintiff sues in behalf of himself and others, and fails in his suit, those whom he represents must also fail, for the rights of those represented can not rise higher than those of the party named as plaintiff. The action being brought by Britton in this representative capacity, in my opinion, he continues acting in this representative capacity until the end of the litigation, and at all stages represented those for whose interest the suit was brought, and that when he was served and brought into the Supreme Court by the proceeding in error, that he was brought in in his representative capacity and that all- for whom the action was brought were represented there through him. James S. Britton was the plaintiff in the case below. James S. Britton was made defendant in the action on error. True, in his petition he stated he represented himself and others, and that record was before the Supreme Court on error. It certainly could not *316 have been intended by the Legislature that where the parties interested were so numerous that it was impracticable to bring them all before the court and one was permitted to sue on behalf of all, that when the judgment is obtained by the party plaintiff, that the other party can not prosecute error without doing that which is impracticable, to-wit, bringing them all into court. The law will not require of a defendant to do what is impracticable where it relieves the plaintiff. Nor do I think the fact that the court required the plaintiff to state whom he represented had any effect to change the nature of the proceeding. Britton still continued to act in a representative capacity, nor is the particular form of the judgment in the circuit court as being plural instead of singular in one case, in my opinion, determinative of this question. The judgment would have inured to the benefit of all if it had not been reversed in the Supreme Court, but being reversed by the Supreme Court, in my opinion it had the effect of reversing the entire judgment of the court below, and that all whom the plaintiff represented were alike affected by the judgment of reversal. The only party before the court, in my opinion, against whom judgment for costs could be entered is the plaintiff, Britton, the defendant in error in the Supreme Court. I have no doubt' that, upon a proper showing, Britton may require those whom he represented to contribute ratably to the costs of the suit. But I believe the costs are rightly taxed against the plaintiff, Britton, in pursuance of the judgment of the Supreme Court.
C. T. Ciarle, for plaintiff.
E. L. Taylor, Prosecuting Attorney, for defendant.